UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA HENDERSON<br>Plaintiff | CIVIL ACTION |
| VERSUS | CASE NO. 18-03146 |
| HAZA FOODS OF LOUISIANA, LLC/<br>WENDY'S | SECTION "G" (3) |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BASED UPON AFFIRMATIVE DEFENSE OF PRESCRIPTION

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted to the Court on behalf of the plaintiff, Wanda Henderson, for the purpose of setting forth her position on the factual and legal grounds establishing that her cause of action for damages is not prescribed under Louisiana law.

## I. STATEMENT OF THE CASE

This action arises from an accident that occurred on December 24, 2016, on the premises of a Wendy's hamburger restaurant in Boutte, Louisiana, operated by the defendant, Haza Foods of Louisiana, LLC. The plaintiff, Wanda Henderson, was injured as the result of a fall caused by a defective condition of the premises.

Plaintiff originally filed suit on this cause of action in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana. Plaintiff mistakenly identified the defendant franchisee as "Allstate BK Real Estate Holdings, Ltd., [doing business as] Haza Foods, LLC/Wendy's" [*sic*]. Although plaintiff did identify "Haza Foods, LLC/Wendy's" as the restaurant operator, the actual designation of the defendant franchisee is Haza Foods of Louisiana, LLC. Allstate BK Real Estate Holdings, Ltd., a Texas limited partnership, then filed a

1

petition to remove the case to this court based upon diversity of citizenship. That entity then moved to dismiss the action on the grounds that it did not do business in Louisiana, owned no property in Louisiana, and did not otherwise submit itself to the jurisdiction of the State of Louisiana.

The court ultimately granted the motion to dismiss, and rendered judgment dismissing the removed action without prejudice. Plaintiff then instituted the present action in this court, and the defendant, Haza Foods of Louisiana, LLC, has answered the plaintiff's complaint.

The legal effect of the dismissal of the first action on this second action is the central issue facing the court in the context of the present motion.

## II. ARGUMENT

The original state court action and the present action arise from the same set of factual circumstances and involve the same cause of action in tort asserted by plaintiff. Tort actions for personal injury in Louisiana are generally subject to a prescriptive period of one year from the date of injury.[1] Prescription is interrupted when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.[2] An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue continues as long as the suit is pending.[3] If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.[4]

---

[1] *See* La. C.C. art. 3492.
[2] *See* La. C.C. art. 3462.
[3] *See* La. C.C. art. 3463.
[4] La. C.C. art. 3466.

2

There can be no question but that the original state court action was filed in a court of competent subject matter jurisdiction and proper venue. Defendant, as a Delaware limited liability company, registered with the Louisiana Secretary of State and was authorized to do business in Louisiana. Defendant in fact operated the particular Wendy's franchise restaurant at issue, and the accident occurred on its premises in St. Charles Parish. Thus, St. Charles Parish was certainly a parish of proper venue, and the state court had jurisdiction *in personam* over defendant.[5] Based on these circumstances, the filing of the original state court action clearly interrupted prescription.

Because the original action, as removed, was dismissed without prejudice by reason of lack of personal jurisdiction, rather than on any substantive grounds, the court's judgment was not final and cannot provide a basis for application of *res judicata*. Similarly, because the dismissal was without prejudice, there was no other procedural impediment to the filing of another civil action asserting the same cause of action. The question now before the court is whether the present, second action is barred by prescription because it was filed after the one-year anniversary date of the accident. It is not, for the following reasons.

Plaintiff submits that the filing of the original state court action served to interrupt prescription as to the cause of action asserted in the present action. Once prescription was interrupted, the time that had run from the date of the accident cannot be counted toward the accrual of prescription, and the one-year time period starts to run anew. The present situation is analogous to that typically involved in Louisiana cases where an original defendant is incorrectly identified by name and an amended petition is filed to correct the error by substituting the correct defendant for the incorrectly-named original defendant. In such cases, the issue of prescription

---

[5] *See* La. C.C.P. art. 6(B), 74, and 77.

3

may arise, unless the amended petition can be said to relate back and have retroactive effect to the date of the original filing. Here, the action was dismissed without prejudice before a corrective amendment could be filed, so amendment was technically impossible and a new action was necessary.

In the landmark case of *Ray v. Alexandria Mall*, 434 So.2d 1083, 1086-87 (La. 1983), the Louisiana Supreme Court, relying upon FRCP 15(C) and federal jurisprudence, established the controlling criteria for determining whether an amendment (or, by analogy, a new suit) that changes the identity of a defendant relates back to the original filing date:

> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

The principal business office for Allstate BK Real Estate Holdings, Ltd., is 4415 Highway 6, Sugar Land, Texas 77478. Not coincidentally, the principal place of business and mailing address for the defendant, Haza Foods of Louisiana, LLC, is also 4415 Highway 6, Sugar Land, Texas 77478. It is quite obvious that the two business entities are related in terms of management and business operations. It should therefore be similarly obvious that the present defendant, substituted for the original, incorrectly-named defendant (Allstate BK Real Estate Holdings, Ltd.) must have had notice of the institution of the first action. All of the *Alexandria*

*Mall* criteria are met here, insofar as the designation and relationship of the original defendant in the first action and the present defendant. Defendant's motion must therefore be denied.

Respectfully submitted,

_____
**E. JAMES GAIDRY, JR.** (#21600)
Attorney & Counselor at Law
7921 Park Avenue
Houma, Louisiana 70364
Telephone:(985) 223-4400
Fax: (985) 223-4402
Attorney for Plaintiff, Wanda Henderson

## CERTIFICATE OF SERVICE

I do hereby certify that on this 24th day of July, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system that gives notice of filing to all counsel of record.

_____
**E. JAMES GAIDRY, JR.**