UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA HENDERSON | CIVIL ACTION |
| VERSUS | NO. 18-3146 |
| HAZA FOODS OF LOUISIANA, LLC | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court are defendant Haza Foods of Louisiana, LLC's (Haza's) (1) motion for summary judgment, and (2) motion for sanctions against plaintiff Wanda Henderson.[1] Because plaintiff's previous suit did not interrupt the prescriptive period for her claims, the Court grants the motion for summary judgment. It denies defendant's motion for sanctions as moot.

### I. BACKGROUND

This case arises out of plaintiff's alleged fall in defendant's restaurant.[2] Plaintiff allegedly visited a Wendy's restaurant owned by Haza on December 24, 2016.[3] While she was there, she alleges that she fell on a moist floor and

---

[1] R. Doc. 18; R. Doc. 32.
[2] R. Doc. 1 at 1 ¶ 3; R. Doc. 18-2 at 1 ¶ 1.
[3] R. Doc. 1 at 1 ¶ 2.

injured herself.[4] She alleges that her injuries required surgical intervention and admission to the hospital.[5]

Plaintiff initially filed a complaint in Louisiana state court on December 18, 2017, against "Allstate BK Real Estate Holdings, d/b/a Haza Foods, LLC/Wendy's" (Allstate).[6] Allstate is a company that shares an address with Haza, but it does not own the Wendy's in which Henderson allegedly fell.[7] Allstate removed this action to federal court on January 25, 2018.[8] On March 21, 2018, this Court dismissed plaintiff's claims against Allstate for lack of personal jurisdiction, because Allstate does not do business in Louisiana.[9]

On March 23, 2018, plaintiff filed a new complaint in federal court, based on the same underlying facts, against Haza.[10] Plaintiff claims that Haza was negligent in failing to correct a defect on its property, ignoring an unsafe condition, failing to inspect, and other general acts of negligence.[11] Plaintiff seeks damages for physical and mental pain and suffering, loss of

---

4   *Id.* ¶ 3.
5   R. Doc. 9 at 1 ¶ 8.
6   R. Doc. 20-1 at 1 ¶ 1.
7   *Id.* at 3 ¶ 11; R. Doc. 24 at 1.
8   R. Doc. 1 (Case No. 18-789).
9   R. Doc. 6 (Case No. 18-789).
10  R. Doc. 1.
11  *Id.* at 2 ¶ 5.

income, medical expenses, travel expenses, and permanent disability.[12] Haza has moved for summary judgment on the basis that plaintiff's complaint against it is untimely.[13] Plaintiff opposes the motion.[14]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at

---

[12] R. Doc. 9 at 2 ¶ 10.
[13] R. Doc 18.
[14] R. Doc. 20.

3

1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for

4

trial. *See, e.g.*, *id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Haza moves for summary judgment on the basis that Henderson's claims against it are time barred.[15] Henderson's claims are subject to a liberative prescription of one year. *See* La. Civ. Code art. 3492 ("Delictual actions are subject to a liberative prescription of one year . . . from the day injury or damage is sustained."); *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) (holding that "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period" in diversity cases). The one-year period is interrupted "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ. Code art. 3462. A court of competent jurisdiction is "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." La. Code Civ. Pro. 5251(4); *see also*

---

[15] R. Doc. 18-1 at 3.

*Pickard v. Baugh*, 565 So. 2d 1102, 1103 (La. Ct. App. 1990) (holding that competent jurisdiction "does not include jurisdiction over the person"). The prescriptive period is interrupted until judgment in the first suit is final, at which point the prescriptive period begins anew, and a plaintiff has another year to file a second lawsuit. La. Civ. Code art. 3466; s*ee also Terrel v. Perkins*, 704 So. 2d 35, 38 (La. App. 1 Cir. 1997) (holding that plaintiff had one year from the final judgment of the first suit to bring a second suit).

Plaintiff filed this action on March 23, 2018, more than one year after the alleged accident, which she claims occurred on December 24, 2016.[16] But plaintiff argues that the prescriptive period was interrupted by the earlier lawsuit that she filed in Louisiana state court.[17] *See* La. Civ. Code art. 3462. Plaintiff timely filed the first action in state court on December 18, 2017. If that suit interrupted prescription, plaintiff would have one year from a final judgment in the case against Allstate to commence the instant lawsuit against Haza. La. Civ. Code art. 3466. This action, filed two days after dismissal of the action against Allstate, would be timely filed.

---

[16] *See* R. Doc. 1.
[17] Although this Court ultimately dismissed plaintiff's first suit for lack of personal jurisdiction, it was filed in a court of competent jurisdiction because subject matter jurisdiction existed, and venue was proper.

To interrupt the prescriptive period, a suit must be against "a proper party defendant."[18] *See* 1983 Revision Comments to La. Civ. Code art. 3462. Accidentally suing the wrong defendant does not interrupt prescription as to the correct defendant. *Smith v. Fred's Stores of Tenn., Inc.*, No. 07-1496, 2007 WL 3245443, at *2 (E.D. La. Nov. 2, 2007) ("[I]f the plaintiff sues the wrong defendant this will not interrupt prescription under Louisiana law."); *Ruffin v. Blue Plate Foods*, 29 So. 2d 722, 725 (La. App. 1947). But federal courts applying Louisiana law and Louisiana state courts have recognized two limited exceptions to this principle. First, prescription is interrupted when a plaintiff sues the correct defendant but slightly misstates the name of the defendant. *See, e.g.*, *Hensgens v. Deere & Co.*, 869 F.2d 879, 884 (5th Cir. 1989) (holding that prescription was interrupted by a suit naming "John Deere Corp." instead of "Deere & Company," when "John Deere Corp." did not exist). Second, prescription is interrupted when a plaintiff names an entity that is so related to the correct defendant that service of one operates as service of the other. *See Ruffin*, 29 So. 2d at 725 (recognizing that prescription is interrupted when plaintiff names the wrong corporation but

---

[18] Prescription is also interrupted as to those who are solidarily liable with the named defendant, and as to joint tortfeasors. La. Civ. Code art. 1799; La. Civ. Code art. 2324(C). Neither of these exceptions applies to this case.

7

"the two corporations [are] closely related, that they ha[ve] the same manager, [and] they operate[] from the same office"); *Lukin v. Triangle Farms*, 23 So. 2d 209, 212 (La. 1945) (holding that earlier suit interrupted prescription because service on the general manager of both corporations "was sufficient notice to this defendant of the nature of the claim"). Actual knowledge of the suit is not enough to interrupt prescription under the second exception. *Martin v. Mud Supply Co.*, 119 So. 2d 484, 493 (La. 1959). The entities must be so intertwined that service on one apprises the other of the suit in a *legal* manner—meaning that they are essentially a single business operation. *Id.* at 494.

Here, plaintiff named "Allstate BK Real Estate Holdings, d/b/a Haza Foods, LLC/Wendy's," and she served Allstate BK Real Estate Holdings.[19] Plaintiff's mistake does not fall into the first exception because she did not sue the correct defendant under a slightly incorrect name; she sued an entirely different corporate entity. This situation is distinguishable from the exception recognized in *Hensgens*, in which the plaintiff merely misidentified the defendant slightly but served the proper defendant. Plaintiff's mistake also does not fall within the second exception because plaintiff has not put forth enough facts to show that the two corporations

---

[19] R. Doc. 1-1 (Case No. 18-789).

were so closely related that service on one would operate as service on the other. Indeed, Henderson does not identify any overlapping ownership or any common officers, directors, or managing personnel between the two entities.

The parties do not dispute that the two companies' principal places of business are located at the same address.[20] From this fact the plaintiff makes the conclusory assertion that, "[i]t is quite obvious that the two business entities are related in terms of management and business operations."[21] In addition, the same legal team represents both Allstate and Haza, and defense counsel in this case communicated with plaintiff's counsel shortly after the first suit was filed.[22] But a shared address and shared counsel are not enough for the Court to conclude that the two entities were so related that service of one operates as service of the other. That Haza's attorneys knew of the first suit, and that Haza shared an address with Allstate, does not establish that the two companies had the same management or were sufficiently entangled that suit on one company was tantamount to suit on the other. *Martin*, 119 So. 2d at 494. Indeed, there is evidence of separate existence in that the two

---

[20]  R. Doc. 20-1 at 3 ¶ 11.
[21]  *Id.*
[22]  R. Doc. 24 at 4; R. Doc. 24-1.

companies do not share an agent for service of process.[23]  Further, they are separately organized: Allstate is a Texas limited partnership and plaintiff alleges that Haza is a Delaware limited liability company.[24]  And only Haza does business in Louisiana,[25] indicating that the two entities do not have the same business portfolio.  Neither of the exceptions allowing interruption by a suit against the wrong defendant applies, and thus plaintiff's first suit did not interrupt prescription.  Her second suit is prescribed.

Because plaintiff's claims are prescribed and must be dismissed, the Court denies defendant's motion to dismiss as moot.

IV.  **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.  Plaintiff's claims are DISMISSED WITH PREJUDICE.  Defendant's motion to dismiss is DENIED AS MOOT.

New Orleans, Louisiana, this __13th__ day of December, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23]  *See* R. Doc. 1-1 at 2 (Case No. 18-789) (requesting service on Shoukat Dbanani, Allstate's agent for service of process); R. Doc. 3 (summons addressed to CT Corporation System, Haza's agent for service of process).
[24]  R. Doc. 6 at 4 (Case No. 18-789); R. Doc. 20-1 at 2 ¶ 8.
[25]  *See id.* at 4-5 (Case No. 18-789) (dismissing plaintiff's complaint against Allstate because Allstate does not do business in Louisiana).